Zhu v. Holder

BIA
Cheng, I.J.
A087 759 194

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
>  *Circuit Judges*.

_____

DAN ZHU,
>  *Petitioner*,

v.                                          13-2146
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>  *Respondent*.

_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dan Zhu, a native and citizen of China, seeks review of a May 15, 2013, decision of the BIA affirming the October 4, 2011, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief.  *In re Dan Zhu*, No. A087 759 194 (B.I.A. May 15, 2013), *aff'g* No. A087 759 194 (Immig. Ct. N.Y. City Oct. 4, 2011).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Zhu failed to exhaust any challenge to the IJ's finding that her asylum application was untimely or to the IJ's consideration of her ability to leave China with her own

2

passport in making an adverse credibility finding. Accordingly, we decline to reach those issues. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107, 119-20, 124-25 (2d Cir. 2007). We address only the denial of withholding of removal and CAT relief.

Zhu challenges the IJ's adverse credibility determination, arguing that the IJ erred in concluding that the similarities between her father's letter and those of her friends reflected negatively on her credibility. The agency properly considered these similarities in making an adverse credibility finding. A comparison of the letters reveals that identical wording was used to describe Zhu's arrest. As we explained in *Mei Chai Ye v. U.S. DOJ*, 489 F.3d 517(2d Cir. 2007), "our case law . . . has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned." *Id*. at 524 (citations and quotation marks omitted).

Thus, the IJ reasonably rested an adverse credibility determination on those similarities as well as discrepancies in petitioner's testimony, including an inadequate explanation of why she applied for a passport even though she had no plans to leave the country, and inconsistent

3

testimony regarding her religious practice in the United States. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008); 8 U.S.C. § 1158(b)(1)(B)(iii).

As Zhu's claims for withholding of removal and relief under CAT share the same factual predicate as her asylum claim, we uphold the IJ's denial of all of Zhu's claims for relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006)(explaining that denial is proper where withholding and CAT claims rest on the "very fact, or set of facts, that the IJ found not to be credible" in relation to an asylum claim). Accordingly, we do not reach the agency's alternative holdings on those claims, except to note that by failing to raise the issue in her brief, Zhu waived any challenge to the agency's finding that the alleged harm did not rise to the level of persecution.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4